UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WILLIAM CROCKETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00054-RLY-MJD |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER ON PETITIONER'S PENDING MOTIONS**

Petitioner William Crockett, an Indiana Department of Correction (IDOC) inmate, filed this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his prison disciplinary conviction in WVD 18-12-0075 for violation of Code B-230, possession of counterfeit documents. Dkt. 1. The respondent has timely filed a motion to dismiss Mr. Crockett's habeas petition arguing that the grounds raised in the petition are procedurally defaulted because Mr. Crockett failed to first exhaust his available administrative remedies before initiating this action in federal court. Dkt. 11. Mr. Crockett has filed his response in opposition to the pending motion to dismiss. Dkt. 16 (filed on June 27, 2023). The respondent did not file a reply. Therefore, the court considers the respondent's motion to dismiss fully briefed and ripe for resolution and will issue its ruling on that motion in due course, via separate order.

This order, however, addresses three pending motions Mr. Crockett filed on May 23 and June 28, 2023. *See* dkts. 10, 17, and 18.

**I. Petitioner's Motions at Dockets [10] and [17]**

Mr. Crockett submitted a filing titled "motion to produce and reclarification for fraud upon the court," on May 23, 2023, a week prior to the respondent filing their motion to dismiss. Dkt. 10. It appears that Mr. Crockett seeks a copy of his "original petition," and asks the court to construe

the relief sought in his petition as his intention to "prove fraud upon the court." *Id.* Mr. Crockett's motion contains, in part, documents and/or arguments related to his exhaustion of his administrative remedies. Dkt. 10-1 at 1 (this court's Apr. 24, 2023, order in another of Mr. Crockett's habeas actions, No. 1:22-cv-01592-JMS-TAB,[1] related to additional briefing on his notice of the administrative appeal process); *id.* at 10 (IDOC Disciplinary Code for Adult Offenders related to administrative procedures); *id.* at 12-17 (grievances and related appeals). In addition, Mr. Crockett's motion argues that he is entitled to damages in this action. Similarly, Mr. Crockett submitted a filing titled "motion to submit direct material facts evidence recovery damages entitlement," on June 28, 2023, a day after Mr. Crockett filed his response in opposition to the motion to dismiss. Dkt. 17. In this motion, Mr. Crockett includes many of the same documents related to his exhaustion of administrative remedies. The respondent did not file any response to these motions.

Accordingly, Mr. Crockett's motions, dkts. [10] and [17], are **GRANTED to the limited extent that the court will consider these filings, only as they relate to the issue of exhaustion** of Mr. Crockett's administrative remedies, in its ruling on the respondent's motion to dismiss. The court will issue that ruling in due course, via separate order.

**The clerk is directed** to send Mr. Crockett a copy of his petition and attachments (dockets 1 and 1-2).

Mr. Crockett's motions, dkts. [10] and [17], are **DENIED as to all other requested relief**. In addition, the court reminds Mr. Crockett that "damages are not available in federal habeas corpus proceedings."). *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 493 (1973).

---

[1] The court takes judicial notice that Mr. Crockett's habeas petition in No. 1:22-cv-01592-JMS-TAB was ultimately dismissed on July 31, 2023, due to procedural default of his claims because he did not present a timely administrative appeal of his disciplinary conviction, *see* dkts. 31 and 32.

## II. Petitioner's Motion at Docket [18]

Mr. Crockett submitted a filing titled "motion to dismiss and suppress the false evidence Exhibit A," on June 28, 2023, after the respondent filed their motion to dismiss and a day after Mr. Crockett filed his response in opposition to the motion to dismiss. Dkt.18. Mr. Crockett appears to reference the respondent's Exhibit A, which is the conduct report for his disciplinary conviction, and corresponding documents. *See* dkt. 11-1 (conduct report); dkt. 11-2 (notice of confiscated property); dkt. 11-3 (request for healthcare). Mr. Crockett's motion is difficult to follow, but it appears that he argues that the charges against him were false, that he was vindictively prosecuted, that there were issues with the conduct report, and that there were issues with chain of custody. Dkt. 18 at 1-19. The court construes these arguments as related to the merits of Mr. Crockett's petition—that he was denied his due process rights at his disciplinary hearing. But, the respondent has raised the argument of failure to exhaust administrative remedies in their pending motion to dismiss, such that the court must first address the arguments of procedural default before reaching the merits of the grounds raised in Mr. Crockett's petition.

Accordingly, Mr. Crockett's "motion to dismiss and suppress false evidence," dkt. [18], is **DENIED.** The court reminds Mr. Crockett that should the respondent's motion to dismiss be denied, at that time, the court will direct the respondent to answer the merits of the grounds raised in his petition. And, then, Mr. Crockett would have an opportunity to file a reply in support of the merits arguments raised in his petition.

**IT IS SO ORDERED.**

Date: 1/23/2024

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM CROCKETT
973572
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
Katherine.Cornelius@atg.in.gov