UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM CROCKETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-00054-RLY-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

William Crockett brings this habeas petition challenging a prison disciplinary conviction under case no. WVD 18-12-0075. Dkt. 1. Respondent has moved to dismiss Mr. Crockett's habeas petition for failure to exhaust available administrative appeals, therefore, procedurally defaulting the claims asserted in his petition. As explained below, Respondent's motion to dismiss, dkt. [11], is **GRANTED**, and this action is **DISMISSED.**

**I. Legal Standard**

It is well-established that state prisoners must exhaust their available state remedies before challenging a prison disciplinary conviction in federal court. *See Love v. Vanihel*, 73 F.4th 439, 446 (7th Cir. 2023) (citing 28 U.S.C. § 2254(b)(1)(A), (c)). To properly exhaust a claim and "avoid procedural default, a habeas petitioner must 'fairly present' a claim to each level of the state courts." *Id.* Indiana "has no judicial procedure for reviewing prison disciplinary hearings, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies, and presenting legal contentions to each administrative level." *Id.* (cleaned up). Generally this means submitting a timely first-level appeal to the Facility Head and a timely second-level appeal to the

Indiana Department of Correction (IDOC) Final Reviewing authority. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

## II. Background

On December 13, 2018, Officer Murphy wrote a conduct report charging Mr. Crockett with violation of IDOC Adult Disciplinary Code B-230, counterfeit documents. Dkt. 11-1. Mr. Crockett was notified of the charge on December 17, 2018, pled not guilty, and requested a lay advocate. Dkt. 11-4 (Crockett unable to sign screening form due to being in CCU). The record indicates that this request was granted. Dkt. 11-5 (lay advocate form).

The matter proceeded to a disciplinary hearing on December 21, 2018, and the report of disciplinary hearing form indicates that Mr. Crockett became disruptive during the hearing and was removed and placed back in his cell. Dkt. 11-6. The disciplinary hearing officer found Mr. Crockett guilty and imposed sanctions of the loss of earned credit time and a demotion in credit earning class. *Id.* Mr. Crockett was unable to sign the report of disciplinary hearing form, which included an advisement of his appellate rights, but the form indicates a copy of the hearing report was mailed to him. *Id.*

## III. Disciplinary Appeal Process and Mr. Crockett's Use of that Process

The disciplinary appeal process is governed by the IDOC Policy and Administrative Procedure 02-04-101 (DCAO). Dkt. 11-10.[1] According to the DCAO, "[e]ach committed offender and staff person who has routine contact with offenders shall have access to the disciplinary procedures. The Department shall insure that copies of these disciplinary procedures are posted or

---

[1] Respondent includes both the March 2020 version of the DCAO (which was effective when Mr. Crockett submitted his first-level appeal in 2022) and the June 2015 version (which was effective when Mr. Crockett was found guilty. Dkt. 12 at 5 n.1; dkt. 11-10 (effective Mar. 1, 2020); dkt. 11-11 (effective June 1, 2015). Differences between the two versions are immaterial to the questions of whether administrative appeals were available and whether Mr. Crockett exhausted them. For simplicity, the court cites only the 2020 version, dkt. 11-10.

maintained in prominent locations so that staff and offenders may have access." *Id.* at 1. "Offenders shall be informed of this policy and administrative procedure in a manner appropriate to ensure understanding and the opportunity for compliance." *Id.* at 2. One of the duties of an offender's lay advocate is "explaining the charged offender's rights in regards to appealing any decision by the Disciplinary Hearing Officer." *Id.* at 26.

The DCAO provides for two levels of administrative review. First, the offender must complete a disciplinary hearing appeal form within 15 calendar days of the disciplinary hearing or from receipt of the disciplinary hearing report. *Id.* at 53. The appeal is reviewed by the Warden or the Warden's designee. *Id.* Second, if the offender is dissatisfied with the outcome of his first-level appeal, he may file a second-level appeal to the IDOC Appeal Review Officer within 15 days of receiving the response to his first-level appeal. *Id.* at 53-54.

Mr. Crockett did not submit an administrative appeal until nearly four years after his hearing, on September 23, 2022. *See* dkt. 11-8 (disciplinary hearing appeal). Mr. Crockett's first-level appeal was received on October 11, 2022, and was rejected for being untimely. *See* dkt. 11-9. The Assistant Facility Administrator wrote the following in response:

> As part of the appeal process, a Disciplinary Appeal must be filed to the facility head within fifteen (15) calendar days of the Disciplinary Hearing date, in order to be accepted. Since your appeal was filed past the deadline no action will be taken and the decision made at your Disciplinary Hearing will stand as recorded. Guilty of a B/230—Counterfeit Documents. This Report of Conduct will NOT be appealable to the IDOC.

*Id.*

### IV. Discussion

Now before the court is Respondent's motion to dismiss Mr. Crockett's petition based on procedural default. Dkt. 11. Mr. Crockett filed a response in opposition to Respondent's motion to dismiss, dkt. 16, and submitted other filings that the court has considered to the extent issues

3

related to exhaustion of his administrative remedies were raised. *See* dkts. 10, 15, 16, and 17. Respondent did not file a reply in support of their motion to dismiss.

The record supports Respondent's argument that administrative appeals were available to Mr. Crockett, and he failed to exhaust them according to the process provided. Although Mr. Crockett submitted a first-level appeal, it was submitted nearly four years too late, and thus, it was properly rejected as untimely.

Mr. Crockett states vaguely in his petition that he filed first- and second-level appeals, but he never received a response back. Dkt. 1. Mr. Crockett verified his petition under penalty of perjury, so the court is obligated to treat these statements as true for purposes of the motion to dismiss. *See, e.g., Weddington v. Zatecky*, 721 F.3d 456, 464 (7th Cir. 2013) ("The petition is declared and stated under penalty of perjury and thus is considered an affidavit."). But even treating these statements as true, they do not defeat the motion to dismiss. Mr. Crockett's undeveloped statements that he submitted administrative appeals alone, with no further information about when or how he submitted them, or to whom, do not create a material dispute over whether he timely exhausted remedies according to the process the IDOC set out. "[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (internal quotations omitted). The court will not "sift through the record and make" the petitioner's "case for him." *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 511 (7th Cir. 2010).

Mr. Crockett's response in opposition and other filings on the docket are difficult to read and hard to decipher. He references another of his habeas cases in this district, *Crockett v. New Castle Correctional Facility*, No. 1:22-cv-01592-JMS-TAB. In that case, Mr. Crockett stated: "No need to appeal when you have no knowledge due to no adequate notice, no instructions of

punishment given due to no approval signature," and the court noted that the disciplinary hearing report in that action was unsigned. Dkt. 10-1. Ultimately Mr. Crockett's petition in No. 1:22-cv-01592-JMS-TAB was dismissed for failure to exhaust, *see* dkt. 31 ("The Court highlights two relevant points from the respondent's supplemental brief. First, that Mr. Crockett received notice of his disciplinary conviction and his right to appeal when prison officials mailed him a copy of the Report of Disciplinary Hearing . . . . Second, that Mr. Crockett's own misconduct at the disciplinary hearing and his decision to leave before the hearing concluded waived any right he may have had to in-person notice of his right to appeal."). Similarly, in this case, the court finds that Mr. Crockett received notice of his disciplinary conviction and his right to appeal when prison officials mailed him a copy of the disciplinary hearing report. Dkt. 11-6. Mr. Crockett's own disruptive conduct during the hearing waived any right he may have had to in-person notice of his right to appeal. *Id.* ("Offender became disruptive during hearing. Offender removed, placed back in his cell.").

Mr. Crockett also appears to argue that he wears glasses, those glasses were taken from him, he did not get new glasses until January 2022, and he had to request help from the law library. *See, e.g.,* dkt. 10-1 at 15. But the contention that he could not timely file an appeal because he did not have proper eyeglasses is unavailing. Even assuming that this is true, Mr. Crockett claims he received new glasses in January 2022, but he did not even attempt to file his first-level appeal until nearly nine months later. *Id.*; *see also* dkt. 11-8 (first-level appeal form dated Sept. 23, 2022).

In short, Mr. Crockett failed to pursue administrative appeals until it was too late to do so, and thus the grounds in his petition are procedurally defaulted. A petitioner seeking review of defaulted claims has two options. He can show "cause and prejudice for the default" or he can demonstrate that failure to consider the defaulted claims will result in a "miscarriage of justice."

*Love*, 73 F.4th at 446. A habeas petitioner demonstrates cause for failure to exhaust by showing that "some objective factor external to the defense impeded" compliance with the rules, meaning, "the factual or legal basis for a claim was not reasonably available," or "that some interference by officials" prevented compliance. *Id.* at 446-47 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "A fundamental miscarriage of justice occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000) (quoting *Murray*, 477 U.S. at 496).

Mr. Crockett has not established that he was attempting to diligently pursue his right to appeal at any point between December 2018 and January 2022. The record does not support a finding that some objective factor external to Mr. Crockett prevented him from complying with policy deadlines, nor does the record support that some interference by prison officials made Mr. Crockett's compliance with the disciplinary appeals process impracticable. Mr. Crockett has not demonstrated good cause for failing to timely and completely pursue the administrative appeals process, and he has not offered any reason as to why treating these arguments as procedurally defaulted would work a miscarriage of justice.

## V. Conclusion

For the reasons explained above, Respondent's motion to dismiss, dkt. [11], is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE.**

Final judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/06/2024

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

WILLIAM CROCKETT
973572
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
Katherine.Cornelius@atg.in.gov